J-S09034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS CHRIS LOSEY, | |
| Appellant | No. 1318 WDA 2014 |

Appeal from the Judgment of Sentence entered July 16, 2014,
in the Court of Common Pleas of Crawford County,
Criminal Division, at No(s): CP-20-CR-0000455-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 11, 2015**

Dennis Chris Losey ("Appellant") appeals from the judgment of sentence imposed following the entry of his negotiated guilty plea to aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(8).

Appellant filed a timely direct appeal.  The trial court directed compliance with Pa.R.A.P. 1925(b), and Appellant filed a concise statement in which he asserted the ineffectiveness of trial counsel.  Appellant presents us with a single issue:

> Was the Appellant denied effective assistance of counsel resulting in his conviction based on an unknown, involuntary plea of guilty which was legally invalid, and does this require the case to be remanded for trial or an evidentiary hearing?

Appellant's Brief at 7. Appellant seeks remand "to the trial court for a trial, or an evidentiary hearing on [the] voluntariness of his plea of guilty." *Id*. at 13.

Both the trial court and the Commonwealth, citing **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), recognize that a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review. Recently, in **Commonwealth v. Stollar**, 84 A.3d 635, 652 (Pa. 2014), our Supreme Court held that ineffectiveness of counsel claims "must now be deferred to PCRA review, where there will be an opportunity for greater development []." **Id**.

Furthermore, although **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003) (creating an exception for raising ineffectiveness claims on direct appeal when the relevant ineffectiveness claims have been properly raised and preserved in the trial court, the trial court holds a hearing on those claims, and the trial court addresses the merits of the claims in a subsequent opinion) has been disapproved by **Stollar, supra** and **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), we nonetheless note that our review of the record confirms the trial court's observation that "there were no evidentiary hearings nor any argument with regard to the ineffective assistance of counsel issues raised by [Appellant] for the first time in his direct appeal from the judgment of sentence." Trial Court Opinion, 8/29/14, at 2.

Accordingly, we affirm with the judgment of sentence without prejudice to Appellant to seek collateral relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541-46.

Judgment of sentence affirmed.

P.J.E. Ford Elliott joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015